UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Daniel, | ) | CASE NO. 1:13 CV 0588 |
| Administratrix of the Estate of | ) | |
| Laverne B. Daniel, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion & Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 10). This action is brought under Federal Tort Claims Act (FTCA). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for negligence and loss of consortium are DISMISSED. Plaintiff's claim for wrongful death remains pending.

### Facts

Plaintiff, Mary Daniel, was the wife of Laverne Daniel ("decedent") and is the

1

administratrix for his estate.[1] On April 3, 2008, plaintiff's decedent went to University Hospitals of Cleveland's emergency room. After surgery was performed at University Hospitals, decedent was transferred to Wade Park Veterans Affairs Medical Center ("Wade Park") for long term care. He subsequently developed an infection in his right leg. On May 26, 2008, his leg was amputated. He died on December 23, 2010.

On August 6, 2008, decedent filed an administrative tort claim with the VA. On May 15, 2009, the VA denied his claim. On October 14, 2009, decedent and Mary Daniel filed a complaint against the United States in this Court. In that complaint, they alleged that negligence by doctors at Wade Park caused personal injuries to decedent and loss of consortium to Mary Daniel. Mary Daniel had never filed an administrative claim for her loss of consortium claim and she filed a Notice of Voluntary Dismissal on December 14, 2009. On February 5, 2010, this Court dismissed the remaining claims because decedent and Mary Daniel failed to attach an affidavit of merit as required by Ohio R. Civ. P. 10(D)(2). That order was not appealed.

On March 1, 2012, Mary Daniel, now as administratrix of decedent's estate, filed a second complaint alleging personal injury to Laverne Daniel, personal loss of consortium to Mary Daniel, and wrongful death. However, because there was never an administrative claim filed for a wrongful death action, plaintiff filed a Notice of Voluntary Dismissal on July 17, 2012. On October 4, 2012, plaintiff filed, as administratrix, a second administrative claim with the Department of Veterans Affairs, alleging that the VA physicians were negligent in failing to

---

[1] The following facts are taken from plaintiff's complaint as well as exhibits filed with the government's Motion to Dismiss. The Court may consider affidavits and other documents outside the record on a Rule 12(b)(1) motion, but it must do so in a manner that is fair to the non-moving party. Rogers v. Stratton, Indus, Inc., 789 F.2d 913, 918 (6th Cir. 1986). Plaintiff has not contested any of these dates or facts in her brief in opposition.

2

properly treat decedent's fractures, resulting in the amputation of his leg and his subsequent death. The VA denied that claim on December 10, 2012.

On March 19, 2013, plaintiff thereafter filed this complaint against the government alleging negligence by defendant in the care of the decedent, loss of consortium to Mary Daniel, and wrongful death brought on behalf of the beneficiaries of decedent's estate.

This matter is now before the Court upon the government's Motion to Dismiss all of the claims for lack of subject matter jurisdiction. Plaintiff opposes the motion.

**Standard of Review**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The party need only show that the complaint alleges a substantial claim under federal law. *Id.*

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id.*  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id.*  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id.*  In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)).  Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc*., 70

F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913). The Court may consider affidavits and other documents outside the record on a Rule 12(b)(1) motion, but it must do so in a manner that is fair to the non-moving party. *Rogers v. Stratton, Indus, Inc.*, 798 F.2d 913, 918 (6th Cir. 1986).

### Discussion

**1. Medical Negligence and Loss of Consortium Claims**

The government argues that the Court lacks subject matter jurisdiction because the negligence claim was not filed within the time limits set forth in the FTCA and plaintiff failed to file an administrative claim for her loss of consortium. Plaintiff does not respond to the government's argument. For the following reasons, this Court lacks subject matter jurisdiction over those claims.

Dismissal of the medical negligence claim is warranted.  The FTCA "grants a limited waiver of sovereign immunity and allows tort claims against the United States in the same manner and to the same extent as a private individual under like circumstances." *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004) (citing 28 U.S.C. § 2674). One of the conditions contained in the FTCA's waiver of immunity is a limitation on how long a plaintiff has to file a claim. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

A negligence claim accrues under the FTCA  "at the time of the plaintiff's injury." *United States. v. Kubrick*, 44 U.S. 111, 120 (1979). Decedent's leg was amputated on May 26,

2008. An administrative claim was received by the VA on August 6, 2008 and denied on May 15, 2009. A claim against the United States had to be filed no later than November 15, 2009 to comply with the six month component of the FTCA. The instant complaint was not filed until March 19, 2013. It is therefore untimely and this Court lacks subject matter jurisdiction to hear the personal injury claim.

Dismissal of the loss of consortium claim is similarly warranted. The FTCA requires a plaintiff to present an administrative claim to the responsible federal agency prior to the initiation of a lawsuit in federal court. 28 U.S.C. § 2675(a). In the administrative claim presented to the VA in 2008, only decedent's negligence claim was presented. Plaintiff's loss of consortium claim was not. In the second claim presented to the VA on October 4, 2012, plaintiff as administratrix only presented a claim for wrongful death which is insufficient to give notice to the VA for a loss of consortium claim. *Rucker v. U.S. Dep't of Labor*, 789 F.2d 891, 893 (6th Cir. 1986) (finding that even identification of the plaintiff as decedent's wife on S-95 form did not give notice to fulfill the FTCA's requirement for filing an administrative claim for loss of consortium). Plaintiff did not present her loss of consortium claim to the VA, and this Court lacks jurisdiction to decide it under the FTCA.

Because this Court lacks subject matter jurisdiction with regard to plaintiff's claims for medical negligence and loss of consortium, the government's motion to dismiss is GRANTED with regard to those two claims.

**2. Wrongful Death Claim**

The government's liability in an FTCA claim is determined by the substantive laws of the state in which the alleged tort occurred. *Huddleston v. United States*, 485 Fed. Appx. 744, 745

(6th Cir. 2012). FTCA claims involve a two-step inquiry: first, whether local law permits liability and, if so, what are the damages, and then second, whether the federal law bars the state-mandated recoveries. *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010).

The government disputes that local law, here Ohio law, would permit liability. Specifically, the government argues that Ohio's statute of repose for medical claims extinguished plaintiff's claim before she brought it before this Court. The government argues that plaintiff's wrongful death claim is a statutorily defined "medical claim" because it is a claim alleging that wrongful death arose from medical negligence in the treatment of the decedent. As such, the statute of repose requires that a "medical claim" be commenced in federal court within the four-year time period "after the occurrence of the act or omission constituting the alleged basis" of the claim. Ohio Rev. Code § 2305.113(C). The government contends that plaintiff's wrongful death claim is based on her decedent's treatment at the VA on May 26, 2008. This claim was not brought until, at the earliest, October 4, 2012, when plaintiff filed her administrative claim with the VA. Thus, the four-year period in the statute of repose has run and plaintiff is barred from bringing this claim under Ohio law.

Plaintiff argues that Ohio's statute of repose does not apply to wrongful death claims. Rather, plaintiff argues that wrongful death actions are subject only to their own statute of limitations in Ohio Rev. Code § 2125(D)(1), which requires wrongful death claims to be commenced within two years of the date of decedent's death. Because plaintiff filed this action within the two-year statute of limitations required for a wrongful death claim, plaintiff argues that her claim can be maintained under the FTCA.

Upon review, the Court finds that plaintiff's wrongful death claim is not barred by Ohio's

6

statute of repose.

The government's argument that both a statute of repose and a statute of limitations can govern the same cause of action is well-taken. As the Ohio Supreme Court has acknowledged, a statute of limitations "limits the time in which a plaintiff may bring suit after the cause of action accrues" while a statute of repose "potentially bars a plaintiff's suit before the cause of action aries." *Sedar v. Knowlton Constr. Co.*, 551 N.E.2d 938, 941 (Ohio 1990), *rev'd on other grounds by*, *Brennaman v. R.M.I. Co.*, 639 N.E.2d 425 (Ohio 1994). However, the Court finds that the statute of repose for medical claims is inapplicable to this wrongful death claim.

A "medical claim" in the statute of repose is defined as follows:

(3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

Ohio Rev. Code § 2305.113(E).

In its Motion to Dismiss, the government relies on *Fletcher v. University Hospitals of Cleveland* to support its argument that a wrongful death action is a "medical claim." 873 N.E.2d 365 (Ohio Ct. App. 2007), *rev'd on other grounds*, 897 N.E.2d 147 (Ohio 2008). The court construed the meaning of "medical claim" in Ohio Rev. Code § 2305.113 and decided that a wrongful death claim was a medical claim for purposes of the pleading requirements in Ohio Civ. Rule 10(D)(2). In its decision, the court focused simply on the fact that a wrongful death claim was a suit against a hospital that "arose out of the medical diagnosis, care or treatment of the decedent." *Id.* at 368.

7

This Court, however, finds *Fletcher* contrary to the Ohio Supreme Court's decisions on the nature of wrongful death claims. To begin, the Court observes that, in its reversal of the *Fletcher* decision on other grounds, the Ohio Supreme Court specifically noted: "Fletcher did not cross-appeal the appellate court's ruling that her wrongful-death claim requires an affidavit [because it was a "medical claim"], so that issue is not before us." *Fletcher*, 897 N.E.2d at n.2.

The Ohio Supreme Court's discussion of the relation of medical malpractice and wrongful death statutes of limitations is instructive to decide the applicability of the statute of repose here. In *Koler v. St. Joseph Hospital*, 432 N.E.2d 821 (Ohio 1982), the Ohio Supreme Court was faced with deciding whether a one-year medical malpractice statute of limitations or a two-year wrongful death statute of limitations applied to a wrongful death action. Defendants in that case were arguing that a wrongful death claim was a statutorily defined "medical claim" because it was a suit against a hospital and, since medical claim was used synonymously with malpractice earlier in the statute, the later enacted malpractice statute of limitations governed the wrongful death claim. *Id.* The Ohio Supreme Court, however, rejected that argument. *Id.*

Looking at its precedents, the court noted that there is a deep division between a malpractice claim and a wrongful death claim under Ohio law:

> Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.

*Koler*, 432 N.E.2d at 823  (citing *Klema v. St. Elizabeth's Hosp. of Youngstown*, 166 N.E.2d 765 (Ohio 1960)).

The *Koler* court decided that it would continue to apply the reasoning it had expounded in the

earlier case of *Klema* to a wrongful death claim. *Koler*, 432 N.E.2d at 823.

In *Klema*, the Ohio Supreme Court also had to decide whether the medical malpractice or the wrongful death statute of limitations applied to a wrongful death claim. *Klema*, 166 N.E.2d at 765. The court noted that a wrongful death claim, unlike a malpractice claim, was solely a statutory action and did not exist at common law. *Id.* at 769. As a creature of statute, the court looked to the text of the wrongful death statute to decide whether the malpractice statute of limitations could apply. *Id.* At that time, the wrongful death statute of limitations read that: "Except as otherwise provided by law, every such (wrongful death) action must be commenced within two years after the death of such deceased person." *Id.* at 765. The court declared: "The action being a statutory one relating to a specific type of cause, i. e., wrongful death, the phrase, 'except as otherwise provided by law,' can only relate to other provisions relating to death. And the only other provisions relating to death actions are those contained in the wrongful death statute itself[.]" *Id.* at 769. The court therefore rejected that the malpractice statute of limitations, laid out elsewhere in the Ohio Revised Code, applied to wrongful death claims. *Id.*

In rendering its decision, the *Koler* court noted that the wrongful death statute continued to read "except as otherwise provided in law" as it had at the time of *Klema*, and that the malpractice statute of limitations continued to be set forth in another division of the Ohio Revised Code. 432 N.E.2d at 824. "Whatever confusion there may be regarding the relative meanings of the terms "medical claim" and "malpractice," it was clear to the *Koler* court that a malpractice action could not be a wrongful death action. *Id.* The *Koler* court reasoned that the Ohio legislature was aware that its precedents had refused to apply the malpractice statute to a wrongful death claim and that the legislature had not responded by changing the wrongful death

9

statute. *Id.* The court concluded that absent clear legislation to the contrary, wrongful death actions were governed only by provisions in the wrongful death statute. *Id.*

The current wrongful death statute reads: "Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death." Ohio Rev. Code § 2125.02(D)(1). Section (D)(2) of the wrongful death statutes only deals with "wrongful deaths involving products liability." That is the sole category of exceptions to the two-year wrongful death statute of limitations the Ohio legislature has seen fit to include. Following the reasoning in *Klema* and *Koler*, the Court finds that the "medical claim" statute of repose, set forth in another division of the code and not in the wrongful death division, does not apply to plaintiff's wrongful death claim.

As the Court finds that plaintiff's wrongful death claim is not barred by Ohio's statute of repose for medical claims, defendant's Motion to Dismiss for lack of subject matter jurisdiction as to this claim is DENIED.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The negligence and loss of consortium claims are DISMISSED. The wrongful death claim, however, remains pending.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
Dated: 10/1/13                     United States District Judge